UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYAN COSTELLO, <br><br> Plaintiff, <br><br> v. <br><br> WHOLE FOODS MARKET GROUP, INC. and WANDA HERNANDEZ, <br><br> Defendants. | Civil Action No. 1:16-cv-10673 |

**PLAINTIFF'S EMERGENCY MOTION TO DEFER FURTHER BRIEFING AND DECISION ON DEFENDANTS' MOTION TO DISMISS UNTIL AFTER A RULING ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND <u>MEMORANDUM IN SUPPORT THEREOF</u>**

Last Friday, Plaintiff filed a motion to remand this case to state court, explaining that Defendants could not meet their burden of proving that the case meets either requirement for diversity jurisdiction under 28 U.S.C. § 1332—complete diversity and an amount in controversy exceeding $75,000.  As explained in that motion, the Court must decide the motion to remand before consideration of Defendants' pending motion to dismiss, because the Court's first priority is to determine whether or not it has jurisdiction over the matter.  If the Court does not have jurisdiction, then it cannot consider Defendants' motion.

Accordingly, Plaintiff hereby moves for a deferral of further briefing and decision on Defendants' motion to dismiss until after a ruling on the motion to remand. Specifically, Plaintiff requests that he be given until two weeks after the Court's decision on the motion to remand to file his opposition to Defendants' motion to

dismiss. (If the Court grants Plaintiff's motion to remand, then the motion to dismiss should be denied as moot.) Plaintiff files this motion as an emergency motion because the opposition to Defendants' motion to dismiss is currently due on Friday, May 13, 2016.[1]

## ARGUMENT

This Court has broad discretion to stay proceedings or defer aspects of the case. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Additionally, it is well settled that a federal court cannot preside over a case over which it does not have jurisdiction. See, e.g., Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir.2001) ("Federal courts are courts of limited jurisdiction, and therefore must be certain that they have explicit authority to decide a case.") (citations omitted).

For that reason, courts routinely decide motions to remand to state court before considering pending substantive motions. See, e.g., Aliberti v. GMAC Mortgage, LLC, 779 F. Supp. 2d 242, 245 (D. Mass. 2011) ("Because the Court need not reach the motions to dismiss or to dissolve the injunction if it determines that the motion to remand to state court should be allowed, the Court first considers the motion to remand."); Frankston v. Denniston, 376 F. Supp. 2d 35, 37 (D. Mass. 2005) ("Because a decision to remand this case would make it unnecessary and inappropriate to decide whether this court should act on the motion to dismiss for failure of the complaint to state a claim on

---

[1] In the alternative, if the Court denies this motion, Plaintiff respectfully requests that he be given a week from the Court's decision to file the opposition to the motion to dismiss.

2

which relief can appropriately be granted, I will address the motion to remand first."). Moreover, if a court grants a motion to remand, it will deny any pending substantive motions as moot.  See, e.g., McEachern v. Inter-Country Adoption Bd. of the Republic of the Philippines, 62 F. Supp. 3d 187, 189 (D. Mass. 2014); Gomes v. Midland Funding, LLC, 839 F. Supp. 2d 417, 420 (D. Mass. 2012).

Because a motion to dismiss cannot be decided unless and until a federal court confirms that it has jurisdiction, courts frequently grant motions to defer or stay motions to dismiss while motions to remand are pending.  For example, in Central West Virginia Regional Airport Auth., Inc. v. Triad Engineering, Inc., the court granted the plaintiff's motion to stay proceedings pending a ruling on the motion to remand to state court, explaining:  "This court has not yet determined that it has subject-matter jurisdiction over the present action, and the proposed stay would simply stop other activities while the court considers plaintiff's motion to remand. If the court finds that it lacks jurisdiction, and remands the case to state court, any time that the parties have spent developing legal and factual issues in accordance with federal rather than state law will have been wasted."  No. 2:15-CV-11818, 2015 WL 6758233, at *2 (S.D.W. Va. Nov. 5, 2015).

Similarly, in Mart v. State Farm Mutual Automobile Insurance Co., the court granted a stay of the case pending determination of a motion to remand because "'[w]ithout jurisdiction [a] court cannot proceed at all in any cause'" and "the disposition of Plaintiffs' jurisdictional inquiry is a necessary threshold matter."  No. CIV.A. 3:10-0144, 2010 WL 1484706, at *1 (S.D.W. Va. Apr. 12, 2010) (quoting Steel Co. v.

Citizens for a Better Environment, 523 U.S. 83, 94 (1998)); see also Etransmedia Tech., Inc. v. Nephrology Associates, P.C., No. 1:11-CV-1042, 2013 WL 1105440, at *1 (N.D.N.Y. Mar. 18, 2013) (noting that a district court in a related matter had "granted NAPC's request to stay briefing on Etransmedia's motion to dismiss, stay, or transfer pending its decision on NAPC's motion to remand").

For the same reasons as in these cases, a stay of the motion to dismiss is appropriate here while the Court determines whether or not it has jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court defer further briefing and ruling on Defendants' motion to dismiss until after it rules on Plaintiff's motion to remand. Plaintiff further requests that, if the matter is not remanded to state court, he be given two weeks from the date of the Court's ruling on the motion to remand to file his opposition to Defendants' motion to dismiss. Finally, in the alternative, Plaintiff respectfully requests that, in the event that this Court denies the instant motion, he be given one week from the date of the Court's ruling to file his opposition to Defendants' motion to dismiss.

Respectfully submitted,

RYAN COSTELLO,

By his attorneys,

/s/ Hillary Schwab
Hillary Schwab, BBO #666029
Rachel J. Smit, BBO #688294
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
Fax: (617) 488-2261
Email: hillary@fairworklaw.com;
rachel@fairworklaw.com

Dated: May 10, 2016

## CERTIFICATE OF CONFERENCE

I hereby certify that, on May 10, 2016, I conferred with counsel for Defendants pursuant to Local Rule 7.1 and he stated that Defendants do not assent to the relief requested in this motion.

/s/ Hillary Schwab
Hillary Schwab, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2016, this document was served by electronic filing on all counsel of record.

/s/ Hillary Schwab
Hillary Schwab, Esq.